**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| THOSE CHARACTERS FROM CLEVELAND, LLC, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Case No. 6:25-cv-320-JDK |
| THE INDIVIDUALS, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A, | § § § § § § | |
| Defendants. | § § | |

**MEMORANDUM OPINION AND ORDER GRANTING
MOTION FOR DEFAULT JUDGMENT**

Before the Court are Plaintiff's motions for default judgment. Docket Nos. 39, 47. In this trademark case, Plaintiff alleged trademark infringement, false designation of origin, and dilution against 51 defendants identified on Exhibit A of the complaint. Docket No. 1, Ex. A.

The only remaining defendants in this action, against all of whom the Clerk has entered default, are as follows:

| Defendant No. | Store Name | Online Marketplace |
|---|---|---|
| 2 | Atmospheric wall art | https://www.temu.com/-wall-art-m-634418224065590.html |
| 3 | Auspicious Market | https://www.temu.com/-market-m-634418221800117.html |
| 4 | Autumn Home go | https://www.temu.com/autumn--m-634418222667819.html |
| 6 | Bubble Sprout | https://www.temu.com/bubble-sprout-m-634418220184450.html |

1

| 7 | CelestialCircuit | https://www.temu.com/celestialcircuit-m-634418223689321.html |
| 8 | CHENGSHISHANMAO | https://www.temu.com/chengshishanmao-m-634418220274590.html |
| 9 | CHENZUSHANG CLOTHING | https://www.temu.com/chenzushang-clothing-m-634418224025272.html |
| 11 | Column Trade | https://www.temu.com/column-trade-m-634418222227267.html |
| 12 | COTTON CODE | https://www.temu.com/teerebel-m-634418224023499.html |
| 14 | EcoPrintWear | https://www.temu.com/ecoprintwear-m-634418222840091.html |
| 15 | ERWDFQ | https://www.temu.com/erwdfq-m-634418221306425.html |
| 19 | gdSGgdgdSGBFHB | https://www.temu.com/gdsggdgdsgbfhb-m-634418220255939.html |
| 20 | GlowGo X | https://www.temu.com/glowgo-x-m-634418220515138.html |
| 21 | HENGHANQING CLOTHING | https://www.temu.com/henghanqing-clothing-m-634418224343411.html |
| 22 | KDT FashionE | https://www.temu.com/kdt--m-634418220235414.html |
| 24 | LCsndice | https://www.temu.com/lcsndice-m-634418222671640.html |
| 25 | LuminaryBack Clothing | https://www.temu.com/ashasashda-m-634418222257378.html |
| 26 | MIZHONGKAI CLOTHING | https://www.temu.com/mizhongkai-clothing-m-634418224602430.html |
| 27 | MoryLane | https://www.temu.com/morylane-m-634418224340751.html |
| 28 | Neon Relic | https://www.temu.com/neon--m-634418222194365.html |
| 29 | Nuokas HKLshirt | https://www.temu.com/nuokas-hklshirt-m-634418224594322.html |
| 30 | Oops Fashion | https://www.temu.com/oops-fashion-m-634418221626445.html |
| 32 | Plain Hidden Studio | https://www.temu.com/plain-hidden-studio-m-634418223689190.html |
| 35 | PrintVest Pro S | https://www.temu.com/printvest-pro-s-m-634418222729428.html |
| 36 | Rustic Roost | https://www.temu.com/rustic--m-634418218684242.html |
| 38 | Shishida Trading | https://www.temu.com/shishida-trading-m-634418224079799.html |

| 39 | SPPsrfour | https://www.temu.com/sppsrfour-m-634418222403415.html |
| 40 | Tee Hive | https://www.temu.com/tee-hive-m-634418220182560.html |
| 41 | TeeVoyageVV | https://www.temu.com/teevoyagevv-m-634418223591393.html |
| 43 | TTshopSC | https://www.temu.com/ttshopsc-m-634418222927374.html |
| 44 | Vandelion | https://www.temu.com/vandelion-m-634418221141489.html |
| 45 | VibeCore Mens Tees | https://www.temu.com/vibecore-mens-tees-m-634418221622604.html |
| 51 | ZGUICHUN | https://www.temu.com/zguichun-m-634418223048688.html |

None of these remaining defendants (herein, "the Defendants") has answered or otherwise appeared in the time allowed under Federal Rule of Civil Procedure 12(a), and the Clerk has entered a default. Docket Nos. 33, 46. For the reasons explained below, the Court **GRANTS** Plaintiff's motion for default judgment.

## I.

As recounted in the Court's opinion and order entering a temporary restraining order ("TRO"), Plaintiff Those Characters from Cleveland, LLC (aka, "Carebears") is the owner of the Care Bears brand and products. Docket No. 17-4 ¶¶ 3–4. Carebears's trademarks at issue are CHEER BEAR, GRUMPY BEAR, BEDTIME BEAR, GOOD LUCK BEAR, and CARE BEARS ("the Marks"). Docket No. 17-2 at 1–10. Carebears has expended time, money and other resources in developing, advertising, and otherwise promoting and selling the Marks. Docket No. 17-4 ¶ 4. These products are frequently distributed to authorized retail and department stores, as well as over the Internet. Docket No. 17 at 4.

3

Defendants are thirty-six individuals or entities that promote, sell, offer for sale, and distribute goods bearing the Marks on Temu.com.  Docket Nos. 17-1; 17-3 (listing the webstore names and store URLs, as well as the alleged infringing products).  Carebears has identified numerous instances of Defendants displaying the Marks or remarkably similar marks on Defendants' item descriptions.  *See* Docket No. 17-3 (screenshots of the Temu website with Plaintiff's trademarks on numerous descriptions of Defendants' webstores or items).  While Carebears believes that Defendants operate in foreign jurisdictions, primarily China, Docket No. 17-4 ¶ 17, Defendants sell their products to consumers in the Eastern District of Texas, Docket No. 17-3 at 243.

Plaintiff filed this suit on August 22, 2025, claiming trademark infringement and counterfeiting under 15 U.S.C. § 1114(a), false designation of origin or false description under 15 U.S.C. § 1125(a), and dilution under 15 U.S.C. § 1125(c).  Docket No. 1.  The Court granted Plaintiff's motion for a TRO.  Docket No. 18.  Plaintiff certified that Defendants were served by email.  Docket No. 23.  None of the Defendants listed in this order has answered or otherwise appeared.

Plaintiff settled with nine of the original defendants, and the Court has dismissed them from the case. Docket No. 48.  Plaintiff filed a joint motion to approve a consent judgment against another defendant (Docket No. 38), which the Court has addressed in a separate order.  As noted above, Plaintiff requested default as to the remaining defendants (the "Defendants") (Docket Nos. 29, 45 (listed above)) and the Clerk entered default.  Plaintiff also filed a motion for a preliminary injunction

(Docket No. 30) but represented to the Court at a February 11 status conference that the motion would be moot if default judgment were entered.

## II.
## A.

**Jurisdiction.**  When a party seeks entry of a default judgment under Rule 55, "the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties."  *Sys. Pipe & Supply, Inc. v. M/V VIKTOR KURNATOVSKIY*, 242 F.3d 322, 324 (5th Cir. 2001) (citation omitted).  Because Plaintiff asserts claims under federal trademark law (Docket No. 1 ¶¶ 30–45 (Counts I–III)), it invokes the Court's original federal question jurisdiction.  28 U.S.C. § 1331.

The Court also has personal jurisdiction over the Defendants.  Federal courts may assert personal jurisdiction if (1) the state's long-arm statute applies, and (2) due process is satisfied under the Fourteenth Amendment.  *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008).  In Texas, the long-arm statute authorizes exercise of jurisdiction over a nonresident to the full extent compatible with federal due process mandates.  *Id.* Personal jurisdiction is proper if two requirements are met:

> First, the nonresident defendant must have purposefully availed himself of the benefits and protections of the forum state by establishing minimum contacts with that forum state.  Second, the exercise of jurisdiction over the nonresident defendant must not offend traditional notions of fair play and substantial justice.

*Felch v. Transportes Lar-Mex SA de CV*, 92 F.3d 320, 323 (5th Cir. 1996) (cleaned up).  On the record before the Court, the Court finds that Plaintiff has alleged facts sufficient to show that the Defendants purposely availed themselves of the privilege

of conducting business in Texas, and Plaintiff's claims arise out of or relate to those contacts.  The Defendants operated interactive online storefronts on the TEMU platform that offered infringing goods for sale to U.S. consumers, including consumers in this District, Docket No. 17-3 at 243, and have in fact sold their products to consumers in this District.  *Id.*  The Court further finds that exercising personal jurisdiction over the Defendants would not offend traditional notions of fair play and substantial justice.

Accordingly, the Court has jurisdiction over the Defendants.

## B.

**Default.**  The Court next considers whether a default judgment is procedurally warranted.

The Fifth Circuit has adopted a three-step process to obtain a default judgment.  *See N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996).  First, a default occurs when a party "has failed to plead or otherwise defend" against an action.  FED. R. CIV. P. 55(a).  Second, an entry of default must be entered by the Clerk when the default is shown "by affidavit or otherwise."  *Id.*; *N.Y. Life*, 84 F.3d at 141.  And third, a party may apply to the court for a default judgment after an entry of default.  FED. R. CIV. P. 55(b); *N.Y. Life*, 84 F.3d at 141.

Here, the Clerk entered default on December 15, 2025, and February 10, 2026.  Docket Nos. 33, 47.  The Court must now determine whether default judgment is proper.  *N.Y. Life*, 84 F.3d at 141.  "[T]he entry of default judgment is committed to the discretion of the district judge."  *Mason v. Lister*, 562 F.2d 343, 345 (5th Cir. 1977).

6

As the Fifth Circuit has explained, "[d]efault judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989) (footnotes omitted).  Thus, even if a defendant is "technically in default," "[a] party is not entitled to a default judgment as a matter of right." *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996).  When deciding whether to enter a default judgment, the Court considers the following factors:

> [W]hether material issues of fact are at issue, whether there has been substantial prejudice, whether the grounds for default are clearly established, whether the default was caused by a good faith mistake or excusable neglect, the harshness of a default judgment, and whether the court would think itself obliged to set aside the default on the defendant's motion.

*Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).  The Court must also assess the merits of the claims and determine whether the plaintiff has stated a proper claim for relief.  *Nishimatsu Const. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).  After a default judgment, the plaintiff's well-pleaded factual allegations are taken as true, except regarding damages.  *United States v. Shipco Gen., Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987).

Applying the six factors identified above, the Court finds that a default judgment against the Defendants is appropriate.

*First*, no material facts are in dispute.  The Defendants never answered or otherwise responded to Plaintiff's complaint.

*Second*, the Defendants have prejudiced Plaintiff by failing to appear or respond to the complaint or Plaintiff's motion for default judgment.

*Third*, Plaintiff clearly establishes the grounds for default.  As discussed above, Plaintiff provided proof of service, and the remaining Defendants have not appeared, answered, or otherwise responded to the complaint.  At Plaintiff's request, the Clerk entered a default.

*Fourth*, no evidence establishes that a good faith mistake or excusable neglect caused the Defendants' default.  *See Prive Corp.*, 161 F.3d at 893.

*Fifth*, default judgment would not be too harsh.  The Defendants have had ample time to answer or otherwise respond to the complaint and failed to do so.

*Sixth*, the Court cannot find a reason to set aside the default judgment if the Defendants moved to do so.  Plaintiff has clearly established the grounds for default, and the Defendants did not cause default by a good faith mistake or excusable neglect. *See id.*

All factors support entering default judgment.  Accordingly, default judgment is appropriate in this case.  *See, e.g., id.*

### A.

**Statement of Proper Claim for Relief.**  The Court also finds that Plaintiff's complaint sufficiently sets forth facts showing that Plaintiff is entitled to relief. Plaintiff elected only to seek default judgment on Count I (Trademark Infringement) and Count III (Dilution).  Docket No. 39 at 6.

### 1. Trademark Infringement

Section 32 of the Lanham Act makes liable any person who uses in commerce any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of goods in a

manner likely to cause confusion, without the registrant's consent.   15 U.S.C. § 1114(1).   Plaintiff must demonstrate (1) ownership of a valid, protectable mark, (2) unauthorized use in commerce by Defendants, and (3) a likelihood of confusion. *See Am. Rice, Inc. v. Producers Rice Mill, Inc.*, 518 F.3d 321, 329 (5th Cir. 2008); *Streamline Prod. Sys., Inc. v. Streamline Mfg., Inc.*, 851 F.3d 440, 451–53 (5th Cir. 2017).

The Court finds that Plaintiff has adequately alleged its claim for trademark infringement.   Plaintiff submitted evidence that its trademarks are currently and properly registered with the PTO.   Docket No. 3-2.   Plaintiff's trademarks are therefore legally protectable. *See Nola Spice Designs*, *LLC v. Haydel Enters. Inc.*, 783 F.3d 527, 537 (5th Cir. 2015).   Plaintiff has shown that the Defendants' use of the trademarks creates "a likelihood of confusion as to source, affiliation, or sponsorship." *Streamline Prod. Sys.*, 851 F.3d at 450.   And as discussed in the Court's opinion and order granting a temporary restraining order, nearly all of the "likelihood of confusion" factors are met here. *See Springboards to Educ., Inc. v. Hous. Indep. Sch. Dist.*, 912 F.3d 805, 812 (5th Cir. 2019) (discussing the factors); Docket No. 18 at 7 (same).

Accordingly, the Court finds that Plaintiff has stated a proper claim for relief against the Defendants for trademark infringement under 15 U.S.C. § 1114(1).

### 2. Dilution

There are three elements to a dilution claim under 15 U.S.C. § 1125(c):  (1) the marks at issue must be famous and distinctive, (2) each Defendant adopted its mark after Plaintiff's mark had become famous and distinctive, and (3) each Defendant

9

caused dilution of Plaintiff's mark. *Reed v. Marshall*, 142 F.4th 338, 347 (5th Cir. 2025); *Westchester Media v. PRL USA Holdings, Inc.*, 214 F.3d 658, 670 (5th Cir. 2000). Dilution is defined as "the lessening of the capacity of a famous mark to identify and distinguish goods and services." *Id.* at 670.

The Defendants here are using Plaintiff's trademarks to sell clothing and other items that are identical or nearly identical to Plaintiff's products. Docket Nos. 4, 5. "After Plaintiff's Care Bear Marks became famous, Defendants willfully commenced using the Care Bear Marks in commerce that is likely to cause dilution by blurring and/or dilution by tarnishment." Docket No. 6, Ex. 3 (Affidavit of Corporate Representative). Because the Defendants have not responded, these factual allegations must be taken as admitted. *See* Fed. R. Civ. P. 8(b). Accordingly, the Court finds that the marks are sufficiently distinctive and were adopted by the Defendants after Plaintiff in a manner causing dilution of the marks. Plaintiff has adequately alleged its claim for dilution under 15 U.S.C. § 1125(c).

## D.

**Damages.** A hearing on damages is unnecessary if the Court finds it can rely on "detailed affidavits and other documentary evidence to determine whether to grant a default judgment," *PAAKline, LLC v. Individuals, P'ships., & Uninc. Ass'ns. Identified on Schedule "A"*, 2023 WL 7018276, at *2 (W.D. Tex. Oct. 24, 2023), *report and recommendation adopted sub nom. PAAKline, LLC v. Individuals, P'ships., & Uninc. Ass'ns. Identified on Schedule "A"*, 2023 WL 7649451 (W.D. Tex. Nov. 14, 2023) (citing *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993)). Where "the amount claimed

is a liquidated sum or one capable of mathematical calculation[,]" an evidentiary hearing is not required. *James*, 6 F.3d at 310.

Here, the Court finds that a hearing is unnecessary. Plaintiff has elected to recover statutory damages instead of actual damages. Docket No. 47 at 11. Under 15 U.S.C. § 1117(c), the Court may award "not less than $1,000 or more than $200,000 per counterfeit mark per type of goods" or "if the court finds that the use of the counterfeit mark was willful, not more than $2,000,000 per counterfeit mark per type of good[]." Plaintiff asserts that it should recover $5,000 from each of the Defendants here.

As Plaintiff admits, very little discovery has occurred and, as a result, there is very little evidence of the Defendants' sales. Docket No. 47 at 13. In setting statutory damages amounts, courts are to consider, among other things, "(1) expenses saved and profits reaped; [and] (2) revenues lost by plaintiff." *Viahart, LLC v. Does 1-54*, 2021 WL 777083, at *6 (E.D. Tex. Jan. 29, 2021), *report and recommendation adopted*, 2021 WL 765216 (E.D. Tex. Feb. 26, 2021), *aff'd sub nom. Viahart, L.L.C. v. GangPeng*, No. 21-40166, 2022 WL 445161 (5th Cir. Feb. 14, 2022). Having considered these factors, the Court finds that an award of $5,000 per Defendant is an appropriate amount supported by the evidence in this particular case. *See PAAKline, LLC*, 2023 WL 7649451 at *1 (awarding statutory damages under the Lanham Act in the amount of $20,000 per violation); *see also BVE Brands, LLC v. Yiwu Dingyi E-Commerce Co.*, 2023 WL 5116551 (W.D. Tex. Aug. 9, 2023) (awarding $20,000 per defendant for online storefront violations).

### E.

**Permanent Injunction.**  Plaintiff further requests entry of a permanent injunction enjoining the Defendants from infringing Plaintiff's Marks.  Section 34(a) of the Lanham Act permits a court to "grant injunctions, according to the principles of equity and upon such terms as the court may deem reasonable, to prevent" trademark infringement or false designation of origin.  15 U.S.C. § 1116(a).  "A plaintiff seeking any such injunction shall be entitled to a rebuttable presumption of irreparable harm upon a finding of a violation." *Id.*

In considering a permanent injunction, courts apply a four-factor test; plaintiffs must demonstrate (1) irreparable injury; (2) inadequacy of monetary remedies; (3) balance of hardships; and (4) the public interest.  *See eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006); *Paulsson Geophysical Servs., Inc. v. Sigmar*, 529 F.3d 303, 313 (5th Cir. 2008).

The Court finds that these factors weigh in favor of a permanent injunction.  First, Plaintiff is entitled to a presumption of irreparable injury as to its trademark claim because it has shown a violation of the Lanham Act.   15 U.S.C. § 1116(a).  Second, monetary damages do not adequately address the loss of control over a mark, damage to goodwill, and customer confusion.  *See Dickey's Barbecue Pit, Inc. v. Neighbors*, 2015 WL 11199080, at *6 (E.D. Tex. Sept. 18, 2015) (citing *Coach Inc. v. Sassy Couture*, 2012 WL 162366, at *12 (W.D. Tex. Jan. 19, 2012) ("Moreover, there is no adequate legal remedy because the damage to Plaintiffs' goodwill and reputation cannot be easily quantified.")).    Third, the Court finds that the harm from enjoining

12

the Defendants would not outweigh Plaintiff's injuries, and an equitable remedy is warranted. Docket No. 18 at 12. Fourth, the Court finds that a permanent injunction would serve the public interest. Enforcing trademark law serves the public interest. *See Whirlpool Corp. v. Shenzhen Sanlida Elec. Tech. Co., Ltd.*, 80 F.4th 536, 543 (5th Cir. 2023) ("[T]he public . . . has an interest in the effective enforcement of our trademark laws.")

The Court therefore enjoins the Defendants from infringing the Plaintiff's marks on the terms laid out below.

## III.

As explained above, Plaintiff is entitled to default judgment against the Defendants identified herein. Accordingly, the Court **GRANTS** Plaintiff's motions (Docket Nos. 39, 47) as to the Defendants identified in this order.

Plaintiff is entitled to statutory damages in the amount of $5,000 per Defendant listed in this order. To secure payment of these damages, Plaintiff asks the Court to order that the Defendants' assets that are currently restrained be transferred to Plaintiff up to the amount of the statutory damages awarded. The Court will **CONTINUE** the asset freeze order entered in the temporary restraining order until such time as Plaintiff has collected the statutory damages amounts awarded herein.

Plaintiff is further entitled to permanent injunctive relief against the Defendants, their officers, agents, and all persons in active concert or participation

with them, who are hereby permanently **ENJOINED** from intentionally and/or knowingly:

a) offering for sale, selling, and importing any products not authorized by Plaintiff and that include any reproduction, copy or colorable imitation of the designs claimed in the Plaintiff's Care Bears Marks;

b) aiding, abetting, contributing to, or otherwise assisting anyone in infringing upon the Plaintiff's Care Bears Marks; and

c) effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in Subparagraphs (a) and (b).

The motion for preliminary injunction (Docket No. 30) is **DENIED as moot**.

So **ORDERED** and **SIGNED** this **1st** day of **May, 2026.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE

14